**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carl L. POSCHWATTA,**
**Defendant-Appellant.**

No. 86–3162.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1987.

Decided Oct. 13, 1987.

Milton J. Carter, Jr., Sp. Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Samuel Coon, Missoula, Mont., for defendant-appellant.

Before POOLE, FERGUSON and CANBY, Circuit Judges.

FERGUSON, Circuit Judge:

Defendant-appellant Carl L. Poschwatta appeals his criminal conviction for failure to file income tax returns for the years 1980, 1981, and 1982, in violation of 26 U.S.C. § 7203. We affirm the conviction.

## I.

Defendant Poschwatta is an airline pilot with Western Airlines. He has been employed by Western for nearly twenty years. Appearing pro se, defendant was tried in 1978 for submitting to his employer a Form W–4 claiming 99 allowances. Defendant was convicted of filing a false and fraudulent withholding certificate and sentenced by the district court to one-year imprisonment in January 1979. The defendant appealed the conviction to this court and the conviction was upheld. Subsequently, defendant made a Rule 35 motion to reduce his sentence. He filed an affidavit stating that he regards himself as a law-abiding citizen and that he was willing to work with the IRS to resolve his tax liability. Accordingly, defendant filed returns for the years 1975 through 1979 in July and September 1980. Shortly thereafter, defendant's sentence of one year was suspended after a hearing on the Rule 35 motion.

By April 15, 1981, however, defendant had failed to file a return for the year 1980. On April 23, 1981, defendant applied for an extension of time to file, but the application was rejected because it was not timely made.

In May 1981, Agent Renee Putrich of the IRS telephoned defendant to make an appointment to review the documents used as a basis for returns filed by defendant for the years 1975 through 1979. Agent Putrich was the cooperating Revenue Agent in the criminal investigation which resulted in defendant's criminal trial in 1978. Defendant claims that he believed Putrich was engaged in a second criminal investigation at this later date.

Prior to May 1981, defendant consulted with attorneys concerning whether he should file returns if he was under criminal investigation. Defendant claims that two attorneys advised him not to file returns if he was under criminal investigation. Thus, defendant did not provide information to the IRS.

In April 1982, defendant failed to file an income tax return for 1981. In April 1983, defendant failed to file an income tax return for the 1982 tax year. Federal income tax was withheld from defendant's wages for the years 1980, 1981, and 1982, in the following amounts: $10,511.97, $6,624.91, and $2,825.92, respectively.

On November 8, 1985, defendant was charged in a three-count information with willfully failing to file federal income tax returns for the calendar years 1980, 1981, and 1982, in violation of 26 U.S.C. § 7203, a misdemeanor. The information alleged that defendant received gross income of $35,000 in 1980, $45,000 in 1981, and $33,-000 in 1982.[1]

This case was tried twice before the district court. The first trial ended when the jury was unable to reach a unanimous decision. The court declared a mistrial and scheduled a retrial of the case. The second trial resulted in verdicts of guilty as to each of the counts. The judgment and commitment were entered on August 15, 1986. Defendant timely filed a notice of appeal.

## II.

Defendant argues that there was insufficient evidence to support his conviction. Evidence is sufficient if, viewed in the light most favorable to the government, *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original); *United States v. Buras,* 633 F.2d 1356, 1359 (9th Cir.1980) (omitting italics).

---

1. Washington is a community property state. These figures represent half of the wages re-

ceived by defendant, who is married.

█ The offense of failure to file an income tax return under 26 U.S.C. § 7203 comprises three elements. The government must prove that the taxpayer was required to file a return, that the taxpayer failed to file, and that the failure to file was willful. *See Buras*, 633 F.2d at 1358. Willfulness in criminal tax violations means a voluntary, intentional violation of a known legal duty. *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976) (per curiam).

█ Defendant claims that the government failed to prove willfulness, the third element of the crime. Defendant argues that he was not acting willfully because he was advised by his attorney not to file returns. *See United States v. Carlson*, 617 F.2d 518, 523 (9th Cir.) (defendant's good faith assertion of an invalid Fifth Amendment claim would defeat section 7203 requirement of willfulness), *cert. denied*, 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980). The government introduced substantial evidence to rebut this claim. The government established that defendant failed to file returns in the past, had applied for extensions of time, and knew the possible criminal penalties.

The jury heard testimony from two attorneys. The attorneys testified that they told defendant not to sign anything or make any admissions until defendant knew that he was clear of criminal prosecution. The jury apparently weighed this evidence and defendant's contention that he relied on these statements and similar advice from his own attorney, against the government's evidence. It was reasonable for the jury to have concluded that Poschwatta was aware of his legal obligation to file returns, and that his failure to file was willful. *See Buras*, 633 F.2d at 1359.

Defendant also presented evidence that he lacked the intent necessary to commit the crime. Defendant's expert witness, psychiatrist Dr. James Salmon, testified that defendant suffered from a mental condition known as "adjustment disorder with disturbance of conduct," which prevented defendant from formulating the specific intent of willfulness. The government's expert witness, Dr. C. Richard Johnson, testified that defendant had the capacity to formulate the intent necessary for committing the crime. In weighing this evidence, a rational trier of fact could conclude that Poschwatta had the necessary intent to willfully fail to file tax returns. Thus, the evidence was sufficient to support the verdict.

### III.

█ The standard of review concerning the district court's evidentiary rulings is abuse of discretion. *United States v. Soulard*, 730 F.2d 1292, 1296 (9th Cir.1984).

### A.

█ Defendant argues that Exhibits 65, 66, and 67, charts which portrayed schedules of income for the defendant for the years 1980, 1981, and 1982, were improperly admitted into evidence over his objections.

Although the better practice may have been for the court to allow the charts to be used as testimonial aids only, the district court did not abuse its discretion. *See United States v. Abbas*, 504 F.2d 123 (9th Cir.1974), *cert. denied*, 421 U.S. 988, 95 S.Ct. 1990, 44 L.Ed.2d 477 (1975). The figures in the government chart already were admitted into evidence and the defendant did not challenge the figures. Defendant also had a full opportunity to cross-examine the witness. The charts arguably contributed to the clarity of the presentation to the jury and were a reasonable method of presenting evidence. *See United States v. Gardner*, 611 F.2d 770, 776 (9th Cir.1980).

### B.

Defendant argues that "various extrajudicial statements" were admitted by the trial judge over his objections, in violation of 18 U.S.C. § 3501. Section 3501(a) requires the trial court to conduct a voluntariness hearing with respect to any confessions made by the defendant which are offered into evidence. Confession is defined as "any confession of guilt of any

criminal offense or any self-incriminating statement made or given orally or in writing." 18 U.S.C. § 3501(e). The district court denied defendant's request for a voluntariness hearing with regard to statements Poschwatta made to IRS agents over the telephone. Interpreting the application of section 3501, the court concluded that the statute contemplated custodial interrogation and that telephone conversations did not come within the scope of the statute.

We review de novo the district court's statutory interpretation. *United States v. Binder,* 769 F.2d 595, 600 (9th Cir.1985). We find that section 3501(d) upholds the district court's conclusion. Since defendant was not under arrest or other detention when he made the statements, the court did not err in failing to conduct a voluntariness hearing. The statements were properly admitted into evidence.

### C.

Defendant also objected to the admission of government Exhibit 23, a letter from the IRS to defendant, dated May 13, 1977, that indicated that the IRS had not received a tax return from the defendant for the year 1976. Specifically, defendant objected on the grounds that the letter set forth penalties and punishments for violation of 26 U.S.C. § 7203. Defendant requested that the court excise this material before admitting it in evidence. The court overruled this objection and admitted in evidence the complete letter. Defendant made similar objections as to Exhibits 21, 24, and 24–A. The court also overruled these objections.

Conviction for failure to file an income tax return requires proof of willfulness. 26 U.S.C. § 7203. Willfulness in criminal

2. Defendant argues that the IRS became disgruntled upon learning that the judge suspended his sentence for his earlier conviction and that the IRS was determined to prosecute him again. According to defendant, the IRS began a criminal investigation of him in 1980, in a second attempt to convict him.

3. Even assuming this was true, defendant was required to file his returns. In *United States v. Sullivan,* 274 U.S. 259, 263, 47 S.Ct. 607, 607, 71

tax violations means a voluntary, intentional violation of a known legal duty. *Pomponio,* 429 U.S. at 12, 97 S.Ct. at 23. The letters explained that the documents the defendant filed were not valid returns and that criminal penalties for failure to file were possible. The court admitted the information regarding the penalties and punishment, stating that it was part of the notice given to the taxpayer. The court did not abuse its discretion. The letter reveals that the defendant was made aware of his duty to file a return and of the consequences for failure to file.

### D.

Defendant argues that the IRS was pursuing a criminal investigation of him during 1980, 1981, and 1982. Defendant testified at trial that he invoked his Fifth Amendment right against self-incrimination and did not file returns because he believed he was being criminally investigated.[2] Defendant objected to the district court's refusal to allow disclosure of two internal government memoranda which were sealed as court exhibits. Defendant contends that the court should have disclosed these documents, because the documents were exculpatory and would show that the IRS was conducting an ongoing criminal investigation during 1980, 1981, and 1982.[3] The trial court concluded that the material was not exculpatory and did not come within the ambit of Federal Rule Criminal Procedure 16.

We have viewed the sealed exhibits and conclude that the undisclosed information was not material to the preparation of defendant's defense or exculpatory within the meaning of the term as set forth in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

L.Ed. 1037 (1927) the Court held that the privilege against compulsory self-incrimination was not a defense to prosecution for failing to file a return. However, a defendant may not be convicted for an erroneous claim of privilege asserted in good faith. *See Garner v. United States,* 424 U.S. 648, 663 n. 18, 96 S.Ct. 1178, 1187 n. 18, 47 L.Ed.2d 370 (1976); *Carlson,* 617 F.2d at 523.

We also conclude that defendant's limited access to the documents did not deny him effective impeachment of Mr. Williams, the Chief of Criminal Investigation Division who approved the criminal investigation in 1983.

Finally, defendant claims that the court should have admitted in evidence the complete content of the documents under Federal Rule of Evidence 106. Rule 106 provides that when a writing is introduced by one party, an adverse party may require him to introduce at that time any other part or any other writing which ought in fairness to be considered contemporaneously with it. We find that the district court was not required to introduce contemporaneously the complete documents because failure to do so was not misleading. *See United States v. Dorrell,* 758 F.2d 427, 434–35 (9th Cir.1985).

### IV.

Limitation of the scope of cross-examination by the trial court is reviewed on appeal for abuse of discretion. *United States v. Wellington,* 754 F.2d 1457, 1468 (9th Cir.), *cert. denied,* 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985).

After a pretrial motion *in limine* the district court disallowed cross-examination of the IRS employees on the requirements of 26 U.S.C. § 6020(b) following the IRS agents' testimony that the defendant was required to make tax returns for the years 1980, 1981, and 1982. The court concluded that defendant's questions would have invaded the duty of the court by having witnesses testify on the meaning of section 6020(b). Section 6020(b) provides that when a person fails to make a return "the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." The court allowed defendant to testify, however, that he believed that the IRS had a duty to make returns for him under section 6020(b).

The court did not abuse its discretion in prohibiting the cross-examination concerning the interpretation of section 6020(b). The court acts as the jury's sole source of the law. *Cooley v. United States,* 501 F.2d 1249, 1253 (9th Cir.1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). Furthermore, the district court properly interpreted section 6020(b). The Secretary of Treasury's execution of a return on behalf of a taxpayer does not relieve the taxpayer of his obligation to file a return. *Moore v. Commissioner,* 722 F.2d 193, 196 (5th Cir.1984); *Pascoe v. IRS,* 580 F.Supp. 649, 653 (E.D. Mich.1984), *aff'd,* 755 F.2d 932 (6th Cir. 1985) (mem.).

The court also ruled, in a pretrial motion *in limine,* that defense counsel could not cross-examine Dr. C. Richard Johnson, the government's rebuttal witness, as to his personal opinion regarding whether defendant believed that the IRS would file a return for him. The court properly precluded defense counsel from cross-examining Dr. Johnson concerning his personal opinion. Dr. Johnson was testifying as an expert witness. The district court correctly noted that Dr. Johnson was in no better position than the jury to come to this conclusion.[4]

### V.

Defendant requested a continuance of four days duration to secure the attendance of Bernard Goldman, an attorney who defendant claims advised him not to file tax returns if he was under criminal investigation by the IRS. The decision to grant or deny a continuance is within the discretion of the trial judge, and the decision will only be overturned on a showing of abuse of discretion. *United States v. Domina,* 784 F.2d 1361, 1373 (9th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987). Defendant argues that the district

---

**4.** Cross-examination on this issue also was not relevant to Dr. Johnson's credibility, as defendant suggests. Dr. Johnson's personal opinion regarding defendant's belief that the IRS would file tax returns for him was not inconsistent with his professional opinion that defendant was mentally capable of filing income tax returns.

court abused its discretion in denying the continuance.

We conclude that the district court did not abuse its discretion in denying the continuance. The jury heard testimony from two of defendant's attorneys to the same effect. *See United States v. Basile*, 569 F.2d 1053, 1058 (9th Cir.), *cert. denied*, 436 U.S. 920, 98 S.Ct. 2268, 56 L.Ed.2d 761 (1978) (no abuse of discretion to deny motion for continuance where testimony would be cumulative and repetitive).

## VI.

Defendant argues that the district court erred in allowing into evidence defendant's prior conviction under the tax code and in not permitting defendant to explain the conviction or deny guilt. The district court allowed the prior conviction in evidence to show that defendant was required by law to file income tax returns.

Although evidence of a previous conviction involving dishonesty or false statements is admissible only during cross-examination to attack the credibility of a witness, Fed.R.Evid. 609(a), evidence of other crimes is generally admissible to show knowedge and intent. Fed.R.Evid. 404(b). The court did not abuse its discretion by refusing to allow defendant to explain the circumstances behind the previous conviction. The court stated that Mr. Poschwatta was found guilty at that trial and that he would not retry the case. We find that the court properly refused to divert the jury's attention from the current case to a collateral matter.

## VII.

Defendant argues that the judge should have disqualified juror Helen Ferrelli and that the court's failure to disqualify Ferrelli violated his Sixth Amendment right to an impartial jury. The district court has broad discretion in determining the competency of jurors and that judgment will not be disturbed on appeal absent an abuse of discretion. *United States v. Sears*, 663 F.2d 896, 900 (9th Cir.1981), *cert. denied*, 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982).

During voir dire, Ferrelli stated that she felt strongly about excuses for failing to file tax returns. However, Ferrelli also stated that she could be impartial. When a juror has stated that she can decide a case impartially, this circuit has ruled that the district court did not abuse its discretion in denying a challenge for cause. *Bashor v. Risley*, 730 F.2d 1228, 1236–37 (9th Cir.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).

## VIII.

The district court did not abuse its discretion in the rulings made at trial. The evidence sufficiently supports the verdict. Therefore, the conviction is

AFFIRMED.