979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gonzalo GUTIERREZ-DIAZ, aka Gonzalo Diaz Gutierrez,
Defendant-Appellant.
 No. 90-10359.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided Nov. 18, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellant Gonzalo Gutierrez-Diaz challenges his conviction for possessing with intent to distribute heroin, cocaine, and marijuana; making false statements in connection with immigration applications; and being an alien in possession of a weapon. Appellant argues that he was denied due process by the trial court's failure to remove a juror after voir dire. He also asserts error in his conviction on the counts for knowingly making false statements in connection with his immigration application. We affirm.
 
 DISCUSSION
 
 3
 In the course of jury voir dire, one juror noted that she recently became employed by a firm involved with drug testing and "[s]ome of that involves interpretation of the actual data, so from that standpoint I may be biased." The court noted that in this case there was no issue about whether the drugs found at appellant's residence were illegal drugs or otherwise involving drug testing. The court read her the presumption of innocence instruction and asked her if she would be prejudiced. She answered that she would not. The defense never objected to her inclusion in the jury.
 
 
 4
 The district court did not abuse its discretion in allowing the juror to serve. The juror stated that she could decide the case impartially and the judge's acceptance of this statement will not be disturbed on appeal. United States v. Poschwatta, 829 F.2d 1477, 1484 (9th Cir.1987), cert. denied, 484 U.S. 1064 (1988), overruled on other grounds, Cheek v. United States, 111 S.Ct. 604 (1991); see also United States v. Plache, 913 F.2d 1375, 1378 (9th Cir.1990) ("In the absence of any persuasive additional factors, [a juror's] employment status alone does not warrant a finding of implied bias."). Moreover, except to avoid clear injustice, appellate courts will not ordinarily even entertain on appeal challenges for juror incompetence where the defendant failed to object at trial. United States v. Cepeda Penes, 577 F.2d 754, 759 (1st Cir.1978). No injustice is shown by appellant here.
 
 
 5
 Appellant also challenges his conviction for making false statements in connection with immigration applications. He raises objections to the court's jury instructions and questions the sufficiency of the evidence to support his conviction.
 
 
 6
 Appellant indicated on two applications for immigration privileges that he had not been convicted of the violation of any law or regulation relating to drugs. He also indicated on the immigration forms, in response to a question of whether he had been "arrested, convicted, or confined in prison," that he had been arrested "10/87 in Watsonville, CA." In fact, appellant was convicted of possession of marijuana in 1979 and had been arrested other times, including three times in 1987.
 
 
 7
 In relation to the 1979 conviction, appellant sought to introduce in evidence a copy of a California statute providing that petty convictions for marijuana can be expunged. Both parties agree expungement alone is not a defense to the federal false statement charge. Nevertheless, appellant wanted the jury to be informed of this statute on the theory that it may show that appellant relied on this statute in filling out the immigration form and thus did not "willfully and knowingly" make a false statement. Appellant asked for a jury instruction to support this "mistake of fact" defense.
 
 
 8
 The court did not err by not allowing the evidence in or refusing to instruct the jury on this theory. Appellant did not testify or present other evidence to support his argument that he relied on the expungement statute to his detriment. In fact, there is some evidence indicating that appellant was not even aware of the expungement statute: in response to the question immediately following the "arrested, convicted" question, appellant answered that he had not "been the beneficiary of a pardon, amnesty, rehabilitation decree, [or] other act of clemency or similar action." A trial court is obligated to instruct the jury on a defense theory "only if the evidence sufficiently supports the theory." United States v. Aguilar, 883 F.2d 662, 682 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991) (quoting United States v. Sommerstedt, 752 F.2d 1494, 1496 (9th Cir.), amended, 760 F.2d 999 (9th Cir.), cert. denied, 474 U.S. 851 (1985)). Because there was no evidence to support the theory, the court properly rejected the defense's proposed instruction.
 
 
 9
 The court also did not err in reading the superseding indictment to the jury. The indictment did reference a 1981 conviction for cocaine possession, which the prosecution initially wanted to introduce along with the 1979 conviction to prove the false statement charge. After a dispute about whether this 1981 conviction was dismissed by appellant's completion of a diversion program, the prosecution agreed not to introduce evidence of this conviction.
 
 
 10
 Appellant did not object to the jury instructions at trial so we review to see if it was plain error for the court to have read the superseding indictment. See United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). "The district court did not err in reading the indictment to the jury as they were cautioned that it was not evidence." United States v. Long, 706 F.2d 1044, 1056 (9th Cir.1983). Furthermore, defense counsel stated in his closing argument that the allegation of the 1981 conviction had been withdrawn and was not to be considered as evidence. Under these circumstances, the court did not plainly err by reading the superseding indictment.
 
 
 11
 Finally, there was sufficient evidence from which a rational jury could have found all the essential elements of the false statement charge beyond a reasonable doubt. The jury heard evidence that appellant was convicted of the 1979 marijuana charge and was arrested three times in 1987. A rational jury could conclude that appellant willingly and knowingly represented on his immigration forms that he had no prior drug convictions and that he had been arrested only one time. Therefore, there was sufficient evidence to support his conviction. See United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3