**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10037 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00615-001-SOM |
| v. | |
| BENJAMIN ACUNA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10038 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00615-002-SOM |
| v. | |
| ANABEL VALENZUELA, | |
| Defendant - Appellant. | |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10091 |
| Plaintiff - Appellee, | D.C. No. 1:07-CR-00615-003-SOM |
| v. | |
| EDDY OLGUIN, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10204 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00615-005-SOM |
| v. | |
| MARLENE OGATA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 12, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Appellants Benjamin Acuna (Acuna), Anabel Valenzuela (Valenzuela), and

Eddy Olguin (Olguin) were convicted of conspiracy to distribute

methamphetamine and related forfeiture counts. Acuna and Valenzuela were also

convicted of money laundering. Acuna, Valenzuela, and Olguin challenge their convictions, and Valenzuela and Olguin challenge their sentences.

Appellant Marlene Ogata (Ogata) challenges her sentence for conspiracy to distribute methamphetamine pursuant to a guilty plea.

We affirm the appellants' convictions and sentences.

**1.** There was sufficient evidence supporting the convictions, as the evidence demonstrated that Acuna, Valenzuela, and Olguin were leaders and organizers in the single conspiracy alleged in the indictment. *See United States v. Mincoff*, 574 F.3d 1186, 1196 (9th Cir. 2009) ("It is irrelevant that [the] suppliers and [the] buyers did not know each other or may not have been aware of every act committed in furtherance of the conspiracy, because a single conspiracy can include subgroups or subagreements.") (citation, alterations, and internal quotation marks omitted). Because there was sufficient evidence that defendants were part of a conspiracy to sell methamphetamine in Hawaii, venue in Hawaii was proper. *See United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994) (explaining that venue is appropriate in any district where an overt act of the conspiracy occurred, whether committed by defendant or a coconspirator).

**2.** The district court properly instructed the jury on conspiracy, as the government was not required to prove that Acuna, Valenzuela, and Olguin conspired with each of the co-conspirators named in the indictment. *See United States v. Shabani*, 48 F.3d 401, 403 (9th Cir. 1995), *as amended* (The "government need not prove defendant[s] knew of all purposes and all participants in [the] conspiracy.").

**3.** The jury instructions properly limited the money laundering conspiracy to Acuna and Valenzuela because the government was not required to prove that Acuna and Valenzuela conspired with each named co-conspirator to launder money. *See id.*

**4.** There was not a constructive amendment of the indictment or a material variance because the jury instructions and evidence at trial did not present "a complex of facts . . . distinctly different from those set forth in the charging instrument," *Mincoff*, 574 F.3d at 1198 (citation omitted), or "a materially different set of facts from those alleged in the indictment . . ." *United States v. Sullivan*, 522 F.3d 967, 980 (9th Cir. 2008) (citation omitted).

**5.** Any improper references by the prosecutor did not constitute plain error, as Acuna and Valenzuela failed to demonstrate that the trial's outcome or their substantial rights were affected. *See United States v. Moreland*, No. 05-30541, – F.3d –, 2010 WL 3607180, at *11 (9th Cir. Sept. 17, 2010).

**6.** There was no cumulative error warranting reversal of the convictions. *See United States v. Nobari*, 574 F.3d 1065, 1082-83 (9th Cir. 2009).

**7.** The district court did not abuse its discretion in admitting expert testimony, as the expert was qualified to testify regarding methamphetamine prices based on his substantial experience in narcotics investigations. *See United States v. Brooks*, 610 F.3d 1186, 1196 (9th Cir. 2010) ("The fact that [the agent] lacked an advanced degree, supervisory experience, previous experience as an expert witness, or relevant publications did not render [him] unfit to provide expert testimony.") (citation omitted).

**8.** The district court did not commit reversible error in admitting a summary chart of methamphetamine prices in support of the expert's testimony. The expert's testimony would have been the same without the chart. Therefore,

admission of the summary did not affect the outcome of the trial. *See United States v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987), *overruled on other grounds as recognized by United States v. Powell*, 936 F.2d 1056, 1064 n.3 (9th Cir.1991).

9.      The district court did not clearly err in imposing a two-level enhancement to Valenzuela's sentence for obstruction of justice. Valenzuela's testimony that she was not involved in the distribution of methamphetamine and money laundering was belied by the testimony of numerous witnesses. *See United States v. Armstrong*, No. 09-30395, – F.3d –, 2010 WL 3398284, at *3 (9th Cir. Aug. 31, 2010) ("Given the numerous witnesses who contradicted [Valenzuela] regarding so many facts on which she could not have been mistaken, there is ample support for the District Court's finding.") (citation omitted).

10.      The district court did not plainly err in applying a firearm enhancement to Olguin's sentence, as Olguin failed to demonstrate that it was clearly improbable that he possessed the firearm. *See United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006) ("To avoid an enhancement under U.S.S.G. § 2D1.1(b)(1), the burden is on the defendant to prove that it was clearly improbable that he possessed

a firearm in connection with the offense.") (citation and internal quotation marks omitted). Because Olguin did not object to the reliability of the co-conspirator's statement provided in the presentence report, the district court did not plainly err by relying on the statement and other evidence to support the enhancement. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009).

11.    Because of Ogata's significant role in the conspiracy to distribute methamphetamine, the district court did not clearly err in denying Ogata's request for a minor role adjustment. *See United States v. Rosas*, 615 F.3d 1058, 1067 (9th Cir. 2010), *as amended* ("It is not enough that [Ogata] was less culpable than [her] co-participants, or even that [she] was among the least culpable of the group, because a minimal or minor participant adjustment under § 3B1.2 is available only if [Ogata] was substantially less culpable than [her] co-participants.") (citation and internal quotation marks omitted).

**AFFIRMED.**