Dissenting Opinion by
NAKAYAMA, J.
The majority opinion in this case focuses on the two jurors, designated 8a and 43a, that were excused for cause by the circuit court after both Petitioner/Defendant-Appellant Patrick Ho and Respondent/Plaintiff-Appellee State of Hawai'i (“the State”) exercised all of their peremptory challenges during jury selection. The majority concludes that Ho’s right to exercise peremptory challenges pursuant to Hawai'i Revised Statutes (HRS) § 635-30 and Hawai'i Rules of Penal Procedure (HRPP) Rule 24 was impaired and thus vacates Ho’s conviction and remands this case for a new trial. Majority Opinion at 416, 279 P.3d at 684. Ho neither stated that he would have peremptorily challenged different jurors than the ones he did use those challenges on, nor did he request additional peremptory challenges in response to the court's procedure in excusing Jurors 8a and 43a, nor did he challenge the jury, as finally composed, that would go on to render a verdict in this ease. Consequently, Ho never established that his right to exercise peremptory challenges was denied or impaired. Because I conclude from this absence of impairment of Ho’s right that no reversible error occurred with respect to the jury selection process in this case, our inquiry should end there. I therefore also disagree with the majority’s invocation of the plain error doctrine to reach its holding. Accordingly, I respectfully dissent.
As the majority opinion relates, the issues in this case involve four prospective jurors who were challenged for cause during jury selection. The first two of these, Juror 19 and Juror 23a, related that they had been victims of sexual assault but also told the court they could be fair as jurors; the court denied Ho’s request to excuse these two jurors for cause. Majority Opinion at 417, 279 P.3d at 685. The second two, Juror 8a and Juror 43a, were challenged by the State for cause “because they allegedly had problems speaking or understanding English.” Majority Opinion at 417, 279 P.3d at 685. The court also denied the State’s request to excuse these two jurors. Majority Opinion at 417, 279 P.3d at 685. After both parties then passed the rest of the panel for cause, Ho used two of his peremptory challenges to excuse Jurors 19 and 23a and the third to excuse a juror who stated she would find Ho guilty “if she only suspected his guilt.” Majority Opinion at 417, 279 P.3d at 685. After both sides exercised all of their allotted peremptory challenges, the State renewed its request to excuse Jurors 8a and 43a. Majority Opinion at 417, 279 P.3d at 685. The court conducted individual examinations of these two jurors at the bench and then excused both for cause. Majority Opinion at 417-18, 279 P.3d at 685-86. Jurors 8a and 43a were then replaced by Jurors 7 and 9, who were both passed for cause by the State and Ho. Majority Opinion at 417-18, 279 P.3d at 685-86.
Initially, I note that Ho does not argue he was denied the right to a fair and impartial jury. As we have stated before, when a juror challenged for cause does not ultimate *428 ly sit on a jury, the defendant does not suffer any prejudice even though the juror may have been excused only because the defendant used a peremptory challenge to achieve that result. See State v. Graham, 70 Haw. 627, 636 n. 3, 780 P.2d 1103, 1108 n. 3 (1989) (quoting Ross v. Oklahoma, 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988)) (“Moreover, the challenged juror did not sit in judgment of the defendant. So long as the jury that sat was impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.” (internal quotation marks and brackets omitted)); State v. Iuli, 101 Hawai'i 196, 204, 65 P.3d 143, 151 (2003) (“We note at the outset that Iuli could not have suffered any actual prejudice by virtue of Carvalho’s potential bias because Carvalho did not ultimately serve as a juror.”); see also Skilling v. United States, - U.S. -, -, 130 S.Ct. 2896, 2941, 177 L.Ed.2d 619 (2010) (Alito, J., concurring in part and concurring in the judgment) (“In the end, however, if no biased jury is actually seated, there is no violation of the defendant’s right to an impartial jury.”). I also agree that “the right to exercise a peremptory challenge is one of the most important of the rights secured to the accused in a criminal ease and the denial or impairment of that right is reversible error not requiring a showing of prejudice.” Iuli, 101 Hawai'i at 204, 65 P.3d at 151 (quoting State v. Kauhi, 86 Hawai'i 195, 198, 948 P.2d 1036, 1039 (1997)) (internal quotation marks, ellipses, and brackets omitted). The question thus becomes whether Ho’s right to exercise his peremptory challenges was denied or impaired by the circuit court during jury selection in this case.
HRS § 635-30 (1993) provides, in pertinent part: “In all other criminal trials [not involving the possibility of life imprisonment or a joint trial for two or more defendants] each side is entitled to three peremptory challenges.... In all cases the State shall be allowed as many challenges as are allowed to all defendants.” Although Ho attempts to paint a dramatic scene of imbalance by arguing on appeal that “the State was allowed five peremptories to shape this jury, while the accused exercised one[,]” the record clearly shows that Ho received his three statutorily guaranteed peremptory challenges and used all three. The fact that Ho used two of those challenges to excuse prospective jurors whom the circuit court had just previously declined to excuse for cause at Ho’s request did not constitute an impairment of his right to exercise peremptory challenges absent a showing that he would have instead used those challenges against other jurors, a request for additional peremptory challenges, or an assertion that the jury as finally seated included one or more partial jurors.
In the leading modem ease on the subject, the United States Supreme Court in United States v. Martinez-Salazar addressed, as relevant to the present case, “the erroneous refusal of a trial judge to dismiss a potential juror for cause, followed by the defendant’s exercise of a peremptory challenge to remove that juror.” 528 U.S. 304, 307, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000). In an opinion written by Justice Ginsburg, the Court rejected the argument that “a defendant is obliged to use a peremptory challenge to cure the judge’s error[ in denying a request to dismiss for cause,]” but did hold “that if the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he [or she] has not been deprived of any rule-based or constitutional right.” Id. (emphases added). The Court noted a split among the federal circuits as to the question of “whether a defendant’s peremptory challenge right is impaired when he [or she] peremptorily challenges a potential juror whom the district court erroneously refused to excuse for cause, and the defendant thereafter exhausts his [or her] peremptory challenges.” Id. at 310, 120 S.Ct. 774. The Court resolved the question in favor of the circuits finding no impairment of the right and accordingly reversed the decision of the Ninth Circuit. Id. at 311, 120 S.Ct. 774. In reversing the Ninth Circuit, the Court looked favorably at the separate opinion of Circuit Judge Rymer, concurring in part and dissenting in part, in stating:
She observed that nothing in the text of [Federal Rules of Criminal Procedure] *429 Rule 24(b) suggests that the exercise of peremptory challenges is impaired if the defendant uses a challenge to remove a juror who should have been excused for cause. [United States v. Martinez-Salazar, 146 F.3d 653, 659-60 (9th Cir.1998) (Rymer, J., concurring in part and dissenting in part)]. Martinez-Salazar, she emphasized, never asserted in the [district [c]ourt that he wished to strike some other juror with the peremptory challenge he used to remove Gilbert, nor did he question the impartiality of the jury as finally composed. Id. at 660.
Id. at 310, 120 S.Ct. 774. As Ho did here, Martinez-Salazar argued that the trial court’s “error in denying the challenge for cause ‘forced’ [him] to remove the objectionable venire member.” Id. at 314, 120 S.Ct. 774 (citation omitted). The Court rejected this argument and noted that Martinez-Salazar received the number of peremptory challenges to which he was entitled under Rule 24(b). Id. at 315, 120 S.Ct. 774. Thus, the Court “h[e]ld that a defendant’s exercise of peremptory challenges pursuant to Rule 24(b) is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause.” Id. at 317, 120 S.Ct. 774.[1] In a short concurrence, Justice Souter added: “Martinez-Salazar did not show that, if he had not used his peremptory challenge euratively, he would have used it peremptorily against another juror. He did not ask for a makeup peremptory or object to any juror who sat. Martinez-Salazar simply made a choice to use his peremptory challenge euratively.” Id. at 318, 120 S.Ct. 774 (Souter, J., concurring). Justice Scalia concurred only in the judgment but nevertheless “agree[d] with the Court’s analysis of the issue before [it]: [Martinez-Salazar] has been accorded the full number of peremptory challenges to which he was entitled. The fact that he voluntarily chose to expend one of them upon a venireman who should have been stricken for cause makes no difference.” Id. (Scalia, J., joined by Kennedy, J., concurring in the judgment).
This court drew upon Martinez-Salazar in our decision in luli, the ease in which we most recently discussed the interplay between for-cause and peremptory challenges and whether the defendant’s right to exercise his peremptory challenges had been denied or impaired. During jury selection in that case, a prospective juror, Carvalho, indicated a potential bias due to having close relatives in law enforcement; Carvalho also indicated that he had served as a juror in a previous ease and had been able to treat police officers the same as other witnesses, but that based on his background it would be a tough call for him to be completely fair to luli. Iuli, 101 Hawai'i at 200-02, 204-05, 65 P.3d at 147-49, 151-52. The circuit court denied Iuli’s challenge of Carvalho for cause; luli thereafter used his first peremptory challenge to excuse Carvalho and also used his two remaining challenges before the final jury was impaneled. Id. at 202, 65 P.3d at 149. On appeal, this court noted two steps in the analysis of determining whether the circuit court erred: “(1) whether Carvalho was improperly passed for cause and, if so, (2) whether Iuli’s right to exercise a peremptory challenge was denied or impaired.” Id. at 204, 65 P.3d at 151 (quoting Kauhi, 86 Hawai'i at 198, 948 P.2d at 1039) (brackets omitted). We first concluded that “Carval-ho’s statements during voir dire were express declarations of bias. Carvalho did not affirmatively state that he could render a fair and impartial verdict.” Id. at 205, 65 P.3d at 152. However, because we concluded that luli failed to establish that his right to exercise his peremptory challenges had been denied or impaired, we did not need to decide whether the circuit court abused its discretion in not excusing Carvalho for cause. Significantly, “luli made no proffer that he would have excused another prospective ju *430 ror had he not been forced to exercise one of his peremptory challenges to excuse Carval-ho, nor did he request an additional peremptory challenge.” Id. (citing Martinez-Salazar, 528 U.S. at 317, 120 S.Ct. 774).
Moreover, we distinguished Iuli from Ka-uhi, in which the right of the defendant to exercise his peremptory challenges had been denied or impaired by the circuit court. In Kauhi, a deputy prosecuting attorney was seated as a prospective juror and challenged for cause by the defendant; the circuit court ruled that, based on his voir dire, the prospective juror could be fair and impartial despite his employment. 86 Hawai'i at 197-98, 948 P.2d at 1038-39. The defendant exercised his last peremptory challenge against the prospective juror and then requested two additional peremptory challenges and identified the jurors against whom the additional challenges would be used; the court denied this request. Id. at 198, 948 P.2d at 1039. On appeal, this court held that the circuit court abused its discretion in failing to imply bias as a matter of law and excuse the prosecutor-prospective juror for cause. Id. at 200, 948 P.2d at 1041. Because the prosecutor-prospective juror should have been excused for cause but was not, we concluded that Kauhi’s right to exercise his peremptory challenges was denied or impaired as to at least one of the two other jurors whom he stated on the record he would have excused. Id. Iuli was distinguishable because, although Carvalho stated he may be biased and Iuli had to use a peremptory challenge to excuse him, Iuli never indicated that using that peremptory on Carvalho prevented him from using it on a different juror; Iuli also never sought additional challenges, nor did he appear to question the impartiality of the jury that was finally empaneled and went on to convict him. Thus, we “h[e]ld that Iuli ... failed to demonstrate that his right to exercise his peremptory challenges was impaired or denied.” Iuli, 101 Hawai'i at 206, 65 P.3d at 153.
Iuli is apposite and controlling in this case, and is reinforced by the United States Supreme Court’s conclusions in Martinez-Salazar. In this case, I would hold that Ho “failed to demonstrate that his right to exercise his peremptory challenges was impaired or denied.” Id. Ho used all three of his allotted peremptory challenges after the full panel had been passed for cause by both parties; two of those challenges were used to excuse Jurors 19 and 23a, whom the court had earlier declined to excuse for cause at Ho’s request. Significantly, at that point Ho did not request additional peremptory challenges nor did he state to the court that its failure to excuse Jurors 19 and 23a for cause impaired his right to exercise peremptory challenges because he could have used those two challenges against other jurors (the identity of whom he would have also had to specify to the court). Thereafter, the court granted the State’s renewed request to excuse Jurors 8a and 43a for cause. Even assuming that the circuit court proceeded improperly under HRPP Rule 24(d)[2], Ho still did not attempt to demonstrate that his right to exercise peremptory challenges had been denied or impaired. At that point in the jury selection, as earlier, Ho did not request additional peremptory challenges to offset the court’s grant of the State’s request to excuse Jurors 8a and 43a. Ho also did not challenge Jurors 7 and 9, who replaced 8a and 43a, and made no objections as to the impartiality of the jury that ultimately sat and heard the case. Therefore, with respect to the jurors excused both before and after the peremptories in this case, Ho did not make the type of showing required by Iuli and Martinez-Salazar to establish that the circuit court had denied or impaired his HRPP Rule 24(b) right to exercise peremptory challenges. Accordingly, as Ho never established that his right to exercise his peremptory challenges was denied or impaired, I conclude on that basis that no reversible error occurred to support vacation of Ho’s conviction on appeal.
Nevertheless, the majority concludes that Ho could “establish that his statutory right *431 to exercise peremptory challenges was im-pairedt,]” Majority Opinion at 426, 279 P.3d at 694, and invokes the plain error doctrine to notice such error because Ho did not preserve for appeal the argument that his right to exercise peremptory challenges had been denied or impaired. Majority Opinion at 426-27, 279 P.3d at 694-95. According to HRPP Rule 52(b), “[pjlain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.” Moreover, as this court has stated numerous times, we “will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights.” E.g., State v. Miller, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010) (quoting State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)) (internal quotations omitted and emphasis removed). Nevertheless, we have also stated numerous times and must also bear in mind “that the power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system—that a party must look to his or her counsel for protection and bear the cost of counsel’s mistakes.” State v. Fields, 115 Hawai'i 503, 529, 168 P.3d 955, 981 (2007) (quoting State v. Rodrigues, 113 Hawai'i 41, 47, 147 P.3d 825, 831 (2006)) (internal quotation mai’ks and other citations omitted). Critically, application of the plain error doctrine must be premised on error that appears in the record on appeal. As I have concluded, despite any irregularities encountered during the jury selection process in this ease, Ho’s right to exercise his peremptory challenges was never denied or impaired insofar as he never (1) claimed to the circuit court that its refusal to initially excuse Jurors 19 and 23a for cause forced him to remove them by means of peremptory challenge and forego the ability to excuse two other jurors with those peremptories, (2) requested, at any time, additional peremptory challenges, or (3) challenged the impartiality of any one or more members of the jury that was finally seated to decide his case. Like Iuli, Ho “failed to demonstrate that his right to exercise his peremptory challenges was impaired or denied.” Iuli, 101 Hawai'i at 206, 65 P.3d at 153. Thus, as no error with regard to Ho’s right to exercise his peremptory challenges was affirmatively established by Ho nor appears from my review of the record, I further note that the majority’s invocation of the plain error doctrine is unwarranted.
As Ho’s right to exercise his peremptory challenges during jury selection was never denied or impaired, and as he has not alleged that he was denied a fair and impartial jury, I conclude that no reversible error was committed below in that regard; accordingly, I would affirm the circuit court’s judgment of conviction and sentence.

. The Supreme Court recently reaffirmed the validity of Martinez-Salazar in Rivera v. Illinois, 556 U.S. 148, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009), in a unanimous opinion also written by Justice Ginsburg. However, that case is otherwise inapplicable as the Court granted certiorari "to resolve an apparent conflict among state high courts over whether the erroneous denial of a peremptory challenge requires automatic reversal of a defendant’s conviction as a matter of federal law.” 556 U.S. at 156, 129 S.Ct. 1446 (emphasis added). Here, Ho was not denied any of his three allotted peremptory challenges nor did he request additional ones.

. HRPP Rule 24(d) provides, in pertinent part:
"Challenges for cause may be made at any time prior to the exercise of peremptory challenges. The prosecutor and the defendant shall altemately state their peremptory challenges, if any, the prosecutor beginning, and the defendant ending."